# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ABEL ESTRADA-AMBRIZ, | CASE NO. 1:10-cr-00252-LJO |
| Movant, | **ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** (Doc. 23) |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION

Jose Abel Estrada-Ambriz ("Mr. Estrada-Ambriz") is a prisoner in federal custody proceeding pro se. Now before the Court is his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. He raises four ineffective assistance of counsel claims. For the reasons discussed below, this Court DISMISSES Mr. Estrada-Ambriz's motion as untimely.

## II. BACKGROUND

On June 17, 2010, Mr. Estrada-Ambriz was indicted for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. (Doc. 7). The indictment alleged that on or about July 26, 2004, Mr. Estrada-Ambriz was removed from the United States after having been convicted of rape by force/fear, in violation of California Penal Code § 261(a)(2), and sentenced to eight years imprisonment. The indictment further alleged that on or about February 16, 2010, Mr. Estrada-Ambriz was found in the Eastern District of California without the permission of the United States Attorney

1

General or the Secretary of the Department of Homeland Security.

On August 26, 2010, Mr. Estrada-Ambriz entered into a plea agreement with the government in which he promised to plead guilty to the indictment. (Doc. 9). He also agreed to waive his right to appeal his conviction and sentence and to attack collaterally his mental competence, plea, or sentence via a motion under 28 U.S.C. §§ 2241, 2255 or 18 U.S.C. § 3742. (Doc. 9, p. 3). In exchange, the government agreed to recommend a 37-month sentence. (Doc. 9, p. 6).

On August 27, 2010, a joint plea and sentencing hearing were held during which Mr. Estrada-Ambriz pled guilty pursuant to the plea agreement (Doc. 19, p. 9-10) and was sentenced to 37-months imprisonment (Doc. 19, p. 12:5-9). During the plea portion of the hearing, Mr. Estrada-Ambriz confirmed that he understood the appeal waiver. (Doc. 19, p. 6:22-24). At the conclusion of the hearing, the Court again acknowledged that Mr. Estrada-Ambriz waived his appellate rights. (Doc. 19, p. 13:10-11). The judgment was entered on September 2, 2010. (Doc. 11). On June 17, 2011, Mr. Estrada-Ambriz signed and filed a pro se notice of appeal. (Doc. 13). On July 2, 2012, the Ninth Circuit dismissed the appeal as untimely in light of the fact that Mr. Estrada-Ambriz filed his notice of appeal over nine months after this Court entered judgment. (Doc. 21).

Shortly thereafter, on August 7, 2012, Mr. Estrada-Ambriz placed the instant § 2255 motion in the prison mailing system. (Doc. 23). He raises four ineffective assistance of counsel claims. (Doc. 23). He contends that he received ineffective assistance of counsel when his trial counsel: (1) failed to dispute the validity of his prior California state court conviction of rape by force/fear; (2) failed to conduct a proper plea allocution; (3) failed to properly advise him of the rights he waived pursuant to *Boykin v. Alabama*, 395 U.S. 238 (1969)[1] and FED. R. CRIM. P. 11; and (4) failed to file a notice of appeal after being instructed to do so.

### III. DISCUSSION

**A. Timeliness**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") federal and state

---

[1] Mr. Estrada-Ambriz actually argues that, "[c]ounsel's failure to advise Petitioner of Boyking trial rights, guaranteed to him by the Fifth and Sixth Amendments, resulted in an unknowing and unvoluntary guilty plea in violation of Due Process Clause of the Fifth Amendment." (Doc. 23, p. 7). This Court construes this contention as an ineffective assistance of counsel claim based on an improper advisement under *Boykin v. Alabama*, 395 U.S. 238 (1969).

2

prisoners have one-year to collaterally attack their sentences. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

With regard to subsection (1), "[t]he Supreme Court has held that a conviction is final in the context of habeas review when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (internal quotation marks omitted). If the movant does not pursue a direct appeal, the date on which a judgment of conviction becomes final is the date on which the time to file an appeal expires. *Id*. at 1223. "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the judgment . . . ." FED. R. APP. P. 4(b)(1)(A)(i).

Here, the judgment was entered on September 2, 2010. (Doc. 11). Mr. Estrada-Ambriz had 14 days to file his notice of appeal. Mr. Estrada-Ambriz did not file his notice of appeal during this period thus, the judgment became final on September 16, 2010, and the one-year period of limitations began to run. Mr. Estrada-Ambriz placed his § 2255 motion in the prison mailing system on August 7, 2012, over ten months after the one year period of limitations expired. (Doc. 23, p. 10). Thus, Mr. Estrada-Ambriz's motion is untimely.

The Ninth Circuit's July 2, 2012, memorandum dismissing Mr. Estrada-Ambriz's notice of appeal as untimely has no effect on the date his judgment of conviction became final. In the context of a § 2254 petition, the Ninth Circuit has held that an order dismissing petitioner's appeal as untimely does not constitute "the conclusion of direct review" and does not restart the statute of limitations. *Randle v. Crawford*, 604 F.3d 1047, 1054 (9th Cir. 2010) (quoting 28 U.S.C. § 2244(d)(1)(A)). The Court

explained,

> [i]f the one-year limitations period were made contingent on the resolution of a petitioner's attempt to file an untimely notice of appeal, a petitioner could indefinitely delay the commencement of the one-year period by simply waiting to file such notice until after the normal expiration date. Sanctioning this procedure would undermine the statute of limitations for federal habeas petitions.

*Id*. at 1054-55; *see also United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (applying the reasoning of *Randle* to an untimely filed petition for certiorari in a case involving a federal prisoner who filed an untimely § 2255 motion). Accordingly, the resolution of Mr. Estrada-Ambriz's untimely filed notice of appeal does not effect the finality of his judgment of conviction for statute of limitations purposes.

With regard to subsections (2) and (3), Mr. Estrada-Ambriz does not allege any facts, nor can this Court think of any, that compel consideration of these subsections. To the extent, Mr. Estrada-Ambriz could argue, pursuant to subsection (4), that he was not aware of the facts supporting his claim that he received ineffective assistance of counsel when counsel failed to file a notice of appeal because he was unaware of counsel's failure until June 17, 2011, this argument would be unavailing. Mr. Estrada-Ambriz signed his pro se notice of appeal on June 17, 2011. (Doc. 13). Accordingly, it is evident that by this date, Mr. Estrada-Ambriz was aware that counsel did not file a notice of appeal. If Mr. Estrada-Ambriz had filed his § 2255 motion at this time it would have been timely.[2] He fails to allege that something prevented him from filing his motion at this time. In addition, even if the one-year clock started to run on June 17, 2011, Mr. Estrada-Ambriz's § 2255 motion would still be untimely because he did not place it in the prison mailing system until August 7, 2012. Thus, any argument that the one year period of limitation should have started to run on June 17, 2011, would be unavailing.

This Court finds Mr. Estrada-Ambriz's § 2255 motion signed on August 7, 2012, to be untimely.

**B. Equitable Tolling**

"A § 2255 movant is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

---

[2] Mr. Estrada-Ambriz had until September 16, 2011, to file his § 2255 motion.

4

filing. The movant must show that the extraordinary circumstances were the cause of his untimeliness." *Buckles*, 647 F.3d at 889 (internal quotation marks and citations omitted).

Mr. Estrada-Ambriz does not argue that he is entitled to equitable tolling nor does he acknowledge the untimeliness of his motion. Question #18 on the § 2255 motion form used by Mr. Estrada-Ambriz provides, "[i]f your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." Mr. Estrada-Ambriz's response to the question was "N/A" or not applicable. (Doc. 23, p. 9). Accordingly, Mr. Estrada-Ambriz had the opportunity to explain the untimeliness of his motion but failed to do so.

In Mr. Estrada-Ambriz's § 2255 motion he raises an ineffective assistance of counsel claim in which he argues that he instructed his trial counsel to file a notice of appeal and she promised to do so but never did. Even liberally construing this claim as an argument in support of equitable tolling, Mr. Estrada-Ambriz cannot show that counsel's failure to file a timely notice of appeal prevented him from filing his § 2255 motion in a timely manner. *See Randle*, 604 F.3d at 1058 (holding that counsel's failure to file a timely notice of appeal in state court did not prevent petitioner from filing a timely habeas petition in federal court); *see also Buckles*, 647 F.3d at 890 (concluding that movant failed to demonstrate "the necessary causal link between counsel's alleged actions and the untimeliness of the § 2255 motion"). Thus, Mr. Estrada-Ambriz has failed to show that he is entitled to equitable tolling.

**C. Certificate of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 341-42 (2003). To meet this standard, the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (alteration in original) (internal

quotation marks and brackets omitted) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). In the absence of a COA, no appeal in a § 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds that the issues are not debatable among jurists of reason. *See Lambright*, 220 F.3d at 1024-25. Accordingly, a COA is improper.

### IV. CONCLUSION & ORDER

For the reasons discussed above, this Court:

1. DISMISSES Mr. Estrada-Ambriz's § 2255 motion as untimely and
2. DENIES Mr. Estrada-Ambriz's COA.
3. The clerk is directed to close case no. 1:12-cv-01328-LJO.

IT IS SO ORDERED.

**Dated:    September 6, 2012**                    /s/ Lawrence J. O'Neill
                                                                  UNITED STATES DISTRICT JUDGE